UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>      Plaintiff,<br>v.<br><br>ASH GROVE CEMENT COMPANY,<br><br>      Defendant. | CASE NO. C20-1301JLR<br><br>ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL DEADLINES |

## I. INTRODUCTION

Before the court is the parties' stipulated motion to continue the trial date and pretrial deadlines in this matter. (Stip. Mot. (Dkt. # 22).) The court has considered the motion, all submissions filed in support of the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the parties' motion and CONTINUES the trial date to January 9, 2023.

//

ORDER - 1

## II. BACKGROUND

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") filed its complaint in this court on August 31, 2020. (Compl. (Dkt. # 1-2).) The court issued its scheduling order on December 4, 2020. (Sched. Order (Dkt. # 12).) In relevant part, the court set the deadline for amending pleadings and for the expert disclosures on December 15, 2021; the completion of discovery on February 14, 2022; the dispositive motions deadline on March 15, 2022; and the trial date on June 13, 2022. (*Id.* at 1-2.)

On October 22, 2021, the court granted the parties' stipulated motion to extend certain deadlines. (10/22/21 Order (Dkt. # 19); *see* 10/22/21 Stip. Mot. (Dkt. # 18).) The court extended the deadline for amending pleadings and for expert disclosures to January 14, 2022, and the deadline for completion of discovery to March 1, 2022. (10/22/21 Order.) The parties represented to the court that they sought the extension to continue settlement discussions in the hope that they would be able to present a proposed consent decree to the court before the end of 2021. (10/22/21 Stip. Mot. at 1.)

On December 16, 2021, counsel for Ash Grove moved to withdraw. (Mot. to Withdraw (Dkt. # 20).) Counsel represented that "[p]rofessional considerations require termination of the representation." (*Id.* at 1.) The motion to withdraw is still pending before the court. (*See generally* Dkt.)

The parties now ask the court to continue the trial date and case schedule "for six months or more as appropriate for a continued trial date." (Stip. Mot. at 1-2.) They argue that good cause exists because they are continuing to engage in settlement discussions and that "a continuance will allow Defendant[] time to secure new counsel

and to give both parties sufficient time to conduct litigation activities if negotiations fail." (*See generally* Stip. Mot.)

### III.   ANALYSIS

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). To show "good cause," a party must show that it could not meet the deadline imposed by the scheduling order despite its diligence. *Id.* at 609.

The court finds that the parties have shown good cause to grant a six-month trial continuance. Accordingly, the court GRANTS the parties' stipulated motion to continue.

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the parties' stipulated motion to continue the trial date and pretrial deadlines (Dkt. # 22) and CONTINUES the trial date to January 9, 2023. The Clerk is DIRECTED to issue a revised scheduling order that resets any unexpired pretrial deadlines based on this new trial date.

DATED this 22nd day of December, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 3