UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ASH GROVE CEMENT COMPANY,<br><br>　　　　　　　Defendant. | CASE NO. C20-1301JLR<br><br>ORDER TO SHOW CAUSE |

This matter comes before the court *sua sponte*. On January 3, 2022, the court granted the motion to withdraw filed by Defendant Ash Grove Cement Company's ("Ash Grove") former attorneys. (1/3/2022 Order (Dkt. # 26).) In her declaration filed in support of the motion to withdraw, attorney Tanya Barnett represented that (1) on December 9, 2021, she informed Ash Grove's general counsel of her firm's intent to withdraw; (2) Ash Grove's general counsel informed her that the company would retain new counsel before December 31, 2021; and (3) on December 15, 2021, her firm advised

ORDER - 1

Ash Grove's general counsel that this court's local rules required Ash Grove to be represented by an attorney admitted to practice before this court and that failure to obtain replacement counsel could result in entry of default against Ash Grove. (Barnett Decl. (Dkt. # 21) ¶¶ 3-9; *see also* Mot. to Withdraw (Dkt. # 20).) Although six months have passed since the court's January 3, 2022 order, no replacement attorney has appeared in this matter on behalf of Ash Grove. (*See generally* Dkt.)

Supreme Court precedent and this court's local rules require that a business entity must be represented by counsel in federal court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); Local Rules W.D. Wash. LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). The court's local rules further provide that "failure to obtain a replacement attorney by the date [former counsel's] withdrawal is effective may result in . . . entry of default against the business entity as to any claims of other parties." Local Rules W.D. Wash. LCR 83.2(b)(4).

Accordingly, the court ORDERS Ash Grove, by no later than June 30, 2022, either to obtain counsel to represent it in this lawsuit or show cause why the court should not enter default against it if it remains unrepresented by counsel. If Ash Grove does not obtain counsel or otherwise show cause by June 30, 2022, the court will enter default against it.

//

ORDER - 2

1 | Dated this 10th day of June, 2022.

JAMES L. ROBART
United States District Judge