HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ASH GROVE CEMENT COMPANY, ) <br> ) <br> Defendant. ) <br> ) | No. 2:20-CV-01301-JLR <br><br> CONSENT DECREE |

## I.   STIPULATIONS

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") sent a sixty-day notice of intent to sue letter to defendant Ash Grove Cement Company ("Ash Grove") on or about June 16, 2020, and filed a complaint on August 31, 2020, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, relating to discharges of stormwater from Ash Grove's facility in Seattle, Washington and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

Soundkeeper and Ash Grove agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

CONSENT DECREE
No. 2:20-cv-01301-JLR
1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Soundkeeper and Ash Grove stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Soundkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 3rd day of August, 2022

| FLOYD, PFLUEGER & RINGER, P.S. | SMITH & LOWNEY, PLLC |
|---|---|
| By *s/ William Dow* <br> Francis S. Floyd, WSBA No. 10642 <br> William J. Dow, WSBA No. 51155 <br> *Attorneys for Defendant* <br> *Ash Grove Cement Company* | By  *s/ Alyssa Koepfgen* <br> Alyssa Koepfgen, WSBA #46773 <br> Meredith Crafton, WSBA #57062 <br> Richard Smith, WSBA #21788 <br> *Attorneys for Plaintiff* <br> *Puget Soundkeeper Alliance* |
| ASH GROVE CEMENT COMPANY | PUGET SOUNDKEEPER ALLIANCE |
| By _____ <br> David M. Toolan <br> Assistant Secretary | By _____ <br> Sean Dixon <br> Executive Director |

## II.     ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties.  Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreement set forth herein.

CONSENT DECREE
No. 2:20-cv-01301-JLR
2

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Ash Grove of its Facility at 3801 E Marginal Way S, Seattle, WA 98134 (the "Facility"), which is subject to National Pollutant Discharge Elimination System Permit No. WA0032221 (the "NPDES permit").

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice. These claims are released and dismissed with prejudice.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Soundkeeper in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Ash Grove.

7. Ash Grove agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this decree:

   a. Ash Grove will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WA0032221 and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility.

   b. For a period of three (3) years after the entry of this Consent Decree, Ash Grove will, on a quarterly basis, electronically forward to Soundkeeper copies of all communications to and/or from Ecology related to its NPDES permit or stormwater discharges from the Facility.

   c. For a period of three (3) years after the entry of this Consent Decree, Ash

CONSENT DECREE
No. 2:20-cv-01301-JLR
3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Grove will, on a quarterly basis, electronically forward to Soundkeeper documentation of its compliance with all treatment system operations and maintenance manual provisions, such as system operator reports and maintenance records.

d.   Not later than thirty (30) days after entry of this Consent Decree, Ash Grove will update its stormwater pollution prevention plan ("SWPPP") and site map to reflect the current facility configuration and uses. A copy of the revised SWPPP will be provided to Soundkeeper for review within ten (10) days of the completion of the revised SWPPP.

e.   Ash Grove will implement the following terms with respect to its offloading operations and its dock:

   i.   Not later than sixty (60) days after entry of this Consent Decree, Ash Grove will modify the catchment tray beneath the conveyor which extends over the shoreline at the Facility so that the catchment tray catches any material dislodged from the conveyor. Ash Grove will also establish procedures for routinely cleaning and emptying this catchment tray as well as properly disposing of the materials cleaned out of the catchment tray. Such procedures will be incorporated into Ash Grove's SWPPP.

   ii.   Not later than ten (10) days after entry of this Consent Decree, Ash Grove will implement the Standard Operating Procedure for Barge Unloading, attached hereto as <u>Exhibit A</u>.  This procedure will also be incorporated in the SWPPP.

   iii.   After Ash Grove has been implementing the Standard Operating Procedure for Barge Unloading (<u>Exhibit A</u>) for sixty (60) days, Soundkeeper will be permitted to conduct a site visit to observe the offloading process to

CONSENT DECREE
No. 2:20-cv-01301-JLR
4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

review the effectiveness of the procedure at preventing material from directly discharging to the Duwamish River.

        iv.     Ash Grove will conduct bathymetric analysis surveys twice per year to assess the effectiveness of source control measures at preventing discharges of material to the river. Ash Grove will share the bathymetric analyses with Soundkeeper within ten (10) days of Ash Grove's receipt of those analyses.

        v.     If, either (a) during Soundkeeper's site visit described above in paragraph e.iii, Soundkeeper observes material being discharged to the river during the offloading operation, or (b) if, during the life of this Consent Decree, any bathymetric analysis shows that discharges of material have occurred, Ash Grove will promptly cover the grated portion of the south dock with an impervious surface until Ash Grove has addressed the cause of the discharge.

        vi.     Not later than ten (10) days after entry of this Consent Decree, Ash Grove will send the notice regarding new standard operating procedures for barge unloading, attached hereto as <u>Exhibit B</u>, to all transport and barge operators who unload materials at the Facility.

    f.     Within thirty (30) days of entry of this Consent Decree, Ash Grove will retain a contractor to conduct a cleanup of the riverbank at the Facility and issue a notice to proceed to the contractor. Ash Grove will allocate up to $100,000 for the contractor expense to conduct this cleanup effort. Any unused amount will be directed to the Rose Foundation in same manner as described below in paragraph II.8 within thirty (30) days of the completion of the cleanup effort

CONSENT DECREE
No. 2:20-cv-01301-JLR
5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

g. Within sixty (60) days of entry of this Consent Decree, Ash Grove will complete a source control evaluation and immediately begin implementing practices to reduce pH and sediment loading into the system to the extent necessary to consistently comply with the effluent limits in the applicable permit. Ash Grove will share this source control evaluation with Soundkeeper within ten (10) days of its completion. Within ten (10) days of receipt of the source control evaluation, Soundkeeper will provide written recommendations to Ash Grove based upon the source control evaluation. Within ten (10) days of receipt of Soundkeeper's recommendations, if there are any recommendations which Ash Grove will not implement, Ash Grove will respond in writing as to why it is not implementing those recommendations.

h. Ash Grove will maintain a contract arrangement with a qualified stormwater treatment contractor capable of supporting and implementing the Facility's SWPPP and the terms of this Consent Decree at least until the Facility consistently meets all effluent limits contained in its Permit for eight consecutive quarters. If this consistent attainment is achieved, and if Ash Grove makes any changes to its procedures outside of those identified in this Consent Decree which allowed it to achieve consistent attainment, Ash Grove will incorporate those procedures into its treatment system operations and maintenance manual, and the updated manual will be provided to Soundkeeper within ten (10) days of its modification.

i. Not later than the entry of this Consent Decree, Ash Grove will require all vehicles that have left paved surfaces at the Facility, excluding the property subleased to Stoneway, to pass through the truck wash before exiting the Facility.

CONSENT DECREE
No. 2:20-cv-01301-JLR
6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

j.  Not later than thirty (30) days after entry of this Consent Decree, Ash Grove will ensure that Stoneway, which subleases a portion of the property, agrees in writing to keep its stockpile height low enough or the stockpile itself far away enough from the ecology blocks along the shoreline of the Facility to prevent material from the stockpile from spilling over the ecology block wall onto the riverbank. Ash Grove will also ensure that Stoneway agrees in writing to promptly cleanup any overflow onto the riverbank should such an overflow occur despite these measures. In the event that Stoneway fails to comply with these agreements, Ash Grove will conduct the required cleanup of the riverbank.

k.  Ash Grove will ensure that Stoneway regularly cleans up any spillage of material from its conveyors on the subleased portion of the property.

l.  Ash Grove will permit Soundkeeper to inspect the facility annually beginning one year after entry of this Consent Decree for the duration of the life of this Consent Decree. Soundkeeper and Ash Grove will cooperate on determining mutually agreeable times and dates for such inspections.

m.  Not later than ten (10) days after the entry of this Consent Decree by this Court, Ash Grove will pay $12,000 (TWELVE THOUSAND DOLLARS) to cover the costs of Soundkeeper's reasonable attorney and expert fees for monitoring of compliance with this consent decree. Payment will be made by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. These funds will be kept in Smith and Lowney's trust account, and any funds not spent will be returned to Ash Grove at the termination of the consent decree with an

CONSENT DECREE
No. 2:20-cv-01301-JLR
7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

accounting of the costs and fees incurred for monitoring compliance with this Consent Decree.

8. Within ten (10) days of entry of this Consent Decree, Ash Grove will pay $300,000 (THREE HUNDRED THOUSAND DOLLARS) to the Rose Foundation for projects to improve the water quality of the Duwamish River, as described in <u>Exhibit C</u> to this Consent Decree. The checks will be made to the order of The Rose Foundation and delivered to: The Rose Foundation, 201 4th Street, Suite 102, Oakland, CA 94607. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Soundkeeper v. Ash Grove Cement Company, W.D. Wash. No. 2:20-cv-01301-JLR." A copy of the checks and cover letters, if any, will be sent simultaneously to Soundkeeper and its counsel.

9. Within ten (10) days of entry of this Consent Decree by the Court, Ash Grove will pay $125,000 (ONE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS) to cover Soundkeeper's litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. Ash Grove's payment will be in full and complete satisfaction of any claims Soundkeeper has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

10. A force majeure event is any event outside the reasonable control of Ash Grove that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Ash Grove timely notifies Soundkeeper of the event; the steps that Ash Grove will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken

CONSENT DECREE
No. 2:20-cv-01301-JLR
8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11. Ash Grove will notify Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Ash Grove becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendant has no control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

    f. Strikes;

    g. Any permit or other approval sought by Ash Grove by a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Ash Grove has timely and in good faith sought the permit or approval; and

    h. Litigation, arbitration, or mediation that causes delay.

12. This Court retains jurisdiction over this matter. And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must

CONSENT DECREE
No. 2:20-cv-01301-JLR
9

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record.  If no resolution is reached at that meeting or within thirty (30) days of the Notice, either party may file a motion with this Court to resolve the dispute.  The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

        13.     The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA.  Therefore, upon the filing of this Consent Decree by the parties, Soundkeeper will serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

        14.     This Consent Decree will take effect upon entry by this Court.  It terminates three years after that date, or upon completion of all obligations imposed by this Consent Decree, whichever is later.

        15.     Both parties have participated in drafting this Consent Decree.

        16.     This Consent Decree may be modified only upon the approval of the Court.

        17.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party.  The parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

CONSENT DECREE
No. 2:20-cv-01301-JLR
10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

18. Notifications required by this Consent Decree must be in writing by email. For a notice or other communication regarding this decree to be valid, it must be delivered to the email addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 19.

**If to Soundkeeper**:

Katelyn Kinn
Katherine Brennan
Puget Soundkeeper Alliance
Email: Katelyn@pugetsoundkeeper.org
Katherine@pugetsoundkeeper.org

**And to**:

Alyssa Koepfgen
Meredith Crafton
Email: alyssa@smithandlowney.com
meredith@smithandlowney.com

**If to Ash Grove:**

Scott Nielson
Vice President - Environmental Affairs
Ash Grove Cement Company
11011 Cody Street
Overland Park, KS  66210
Scott.Nielson@ashgrove.com

**And to:**

David M. Toolan
General Counsel
CRH Americas, Inc.
900 Ashwood Parkway, Suite 800
Atlanta, GA 30338
David.Toolan@crh.com

A notice or other communication regarding this Consent Decree will be effective when

CONSENT DECREE
No. 2:20-cv-01301-JLR
11

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day.  A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided by e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 30th day of September, 2022.

HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

FLOYD, PFLUEGER & RINGER, P.S.

By *s/William Dow*
Francis S. Floyd, WSBA No. 10642
William J. Dow, WSBA No. 51155
Attorneys for Defendant
Ash Grove Cement Company

SMITH & LOWNEY PLLC

By  s/Alyssa Koepfgen
Alyssa Koepfgen, WSBA #46773
Meredith Crafton, WSBA #57062
Richard Smith, WSBA #21788
Attorneys for Plaintiff
Puget Soundkeeper Alliance

CONSENT DECREE
No. 2:20-cv-01301-JLR
12

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883